IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NICHOLAS MCCRIGHT,<br><br>                  Plaintiff,<br><br>   vs.<br><br>JENNIFER MCCRAE, Individually; NAOMI GOMEZ, Individually; SARAH VENTURA TRISTAN, Individually; JAIME MADSON, Individually; ASHLEY ASHLEY, Individually; JACEY STEPHENS, Individually; DENAE L. REEVES, Individually; ALEJANDRO SANTOYO, Individually; CAPSTONE BEHAVIORAL HEALTH, CHI HEALTH IMMANUEL, BRENDA LUBY, Individually; THOMAS MCCRIGHT, Individually; SHERYL MCCRIGHT, Individually; and DEBRA K. RAASCH, Individually;<br><br>                  Defendants. | **8:25CV382**<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE** |

      Plaintiff Nicholas McCright brought this action *pro se* on June 9, 2025. Filing 1. On August 7, 2025, United States Magistrate Judge Michael D. Nelson entered an ordered that "[o]n or before August 21, 2025, Plaintiff must show cause why this case should not be dismissed as to defendants Sheryl McCright and Thomas McCright for failure to prosecute or take some other appropriate action." Filing 36 at 2. This case is now before the Court on Plaintiff Nicholas McCright's *pro se* Motion for Default Judgment, apparently filed in response to Judge Nelson's show-cause order. Filing 37.

      Although Plaintiff's Motion is captioned as a Motion for Default Judgment, Plaintiff sets out the text of Federal Rule of Civil Procedure 55(a) concerning entry of default by the Clerk of Court. Filing 37 at 1–2; *see also* Fed. R. Civ. P. 55(a). He then sets out certain averments "in support of his Motion for Default." Filing 37 at 2. Ultimately, he asks the Court "to grant him

1

default judgment against the named defendants in the amount of $1,000,000.00 plus attorney fees and cost pursuant to USC 1988 [sic], and other relief the court may find just and appropriate." Filing 37 at 2. Plaintiff's Motion reflects confusion over the requirements for entry of default and default judgment. This confusion is despite the Court setting out in detail the requirements for entry of default and default judgment in an Order in a prior case brought by this Plaintiff. *See* Case No. 8:24CV385, CM/ECF #36 at 7–8. The Court concludes that it must reiterate those requirements in this case.

Federal Rule of Civil Procedure 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Entry of default by the Clerk of Court pursuant to Rule 55(a) is the first step in a two-step process for default judgment. *See Westchester Fire Ins. Co. v. Edge Elec.*, LLC, No. 8:22CV170, 2022 WL 4388797, at *1 (D. Neb. Sept. 22, 2022), *on reconsideration in part*, No. 8:22CV170, 2022 WL 16748685 (D. Neb. Nov. 7, 2022) (citing *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n.2 (8th Cir. 1997)). The applicable local rule, NECivR 55.1(a), states the requirements to obtain entry of default by the Clerk. Plaintiff McCright failed to seek entry of default by the Clerk under Rule 55(a) as a prerequisite to entry of default judgment pursuant to Rule 55(b) or to comply with the specific requirements of NECivR 55.1(a) to obtain the Clerk's entry of default. In this case, the Court specifically declines to construe Plaintiff's current Motion for Default Judgment as a motion for entry of default because Plaintiff specifically prays for entry of default judgment and the award of money damages and has not complied with the specific requirements of NECivR 55.1(a). Filing 37 at 2.

Even if Plaintiff had met the prerequisite of obtaining entry of default pursuant to Rule 55(a), his Motions for Default Judgment would be procedurally deficient. Under Rule 55(b) of the Federal Rules of Civil Procedure, a default judgment may be entered either "By the Clerk" or "By the Court." *See* Fed. R. Civ. P. 55(b)(1), (2). This Court's local rules similarly distinguish between Clerk-entered default judgments and Court-entered default judgments. *See* NECivR 55.1(b), (c). The Court construes Plaintiff's Motion to be made pursuant to Fed. R. Civ. P. 55(b)(2) and NECivR 55.1(c) because he specifically discusses entry of default judgment by the Court. Filing 37 at 2 ("Plaintiff asks this honorable court to grant him default judgment. . . ."). Plaintiff's averments in his Motion for Default Judgment do not meet the procedural requirements of NECivR 55.1(c) for entry of default judgment by the Court, however. NECivR 55.1(c).

Plaintiff's Motion for Default Judgment is also substantively deficient. The Eighth Circuit Court of Appeals "has recognized that default judgments are 'not favored by the law and should be a rare judicial act.'" *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (quoting *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 688 (8th Cir. 1995)). Instead, "there is a 'judicial preference for adjudication on the merits.'" *Id*. (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)). "[I]t is incumbent upon the district court to ensure that the unchallenged facts constitute a legitimate cause of action prior to entering final judgment." *Marshall v. Baggett*, 616 F.3d 849, 852–53 (8th Cir. 2010) (internal quotations omitted). Here, several Defendants have filed motions to dismiss for failure to state a claim, and the Court has not yet resolved those motions. *See* Filing 26; Filing 29; Filing 34. Thus, the Court cannot say at this point whether facts that are unchallenged by the allegedly defaulting defendants constitute any legitimate causes of action. *Id.* Accordingly,

3

IT IS ORDERED that Plaintiff Nicholas McCright's *pro se* Motion for Default Judgment, Filing 37, is denied without prejudice to reassertion in full compliance with Federal Rule of Civil Procedure 55 and NECivR 55.1.

Dated this 18th day of August, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge