IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NICHOLAS MCCRIGHT,<br><br>Plaintiff,<br><br>vs.<br><br>JENNIFER MCCRAE, Individually; NAOMI GOMEZ, Individually; SARAH VENTURA TRISTAN, Individually; JAIME MADSON, Individually; ASHLEY ASHLEY, Individually; JACEY STEPHENS, Individually; DENAE L. REEVES, Individually; ALEJANDRO SANTOYO, Individually; CAPSTONE BEHAVIORAL HEALTH, CHI HEALTH IMMANUEL, BRENDA LUBY, Individually; THOMAS MCCRIGHT, Individually; SHERYL MCCRIGHT, Individually; and DEBRA K. RAASCH, Individually,<br><br>Defendants. | 8:25CV382<br><br>ORDER DENYING "PROPOSED CLERKS ENTRY FOR MOTION OF DEFAULT" |

Plaintiff Nicholas McCright brought this action *pro se* on June 9, 2025. Filing 1. On August 14, 2025, Plaintiff Nicholas McCright filed a *pro se* Motion for Default Judgment against two Defendants. Filing 37. On August 18, 2025, the Court entered an Order Denying Motion for Default Judgment Without Prejudice. Filing 38. In that Order, the Court explained in detail the two-step process under the applicable Federal Rule of Civil Procedure and local rule to obtain default judgment, which begins with obtaining an entry of default by the Clerk of Court. Filing 38 at 2–3. The Court also explained in detail how Plaintiff Nicholas McCright had failed to comply with the applicable Federal Rule of Civil Procedure and local rule. Filing 38 at 2–3. The Court then order "that Plaintiff Nicholas McCright's *pro se* Motion for Default Judgment, Filing 37, is

1

denied without prejudice to reassertion in full compliance with Federal Rule of Civil Procedure 55 and NECivR 55.1." Filing 38 at 4.

On August 21, 2025, Plaintiff Nicholas McCright filed a "Proposed Clerks Entry for Motion of Default," apparently attempting to comply with the first step to obtain default judgment. Filing 39. However, he asked "this honorable court to grant him default against Sheryl McCright and Thomas McCright defendants for failure to plead or otherwise defend pursuant to Rule 55.1(a) of the Federal Rules of civil Procedure." Filing 39. There is no Federal Rule of Civil Procedure 55.1(a). Moreover, as the Court previously explained, a motion for entry of default is directed to the Clerk of Court not to the Court. Filing 38 at 2 (citing Fed. R. Civ. P. 55(a)). Plaintiff Nicholas McCright's current Motion also blurs the distinction between seeking entry of default and entry of default judgment and the distinctions between seeking entry of default judgment by the Clerk of Court and seeking entry of default judgment by the Court. Filing 39 at 1–2; *see* Fed. R. Civ. P. 55(b)(1) and (2); NECivR 55.1(b) and (c). Plaintiff Nicholas McCright's prayer in his motion is not appropriate for a motion for entry of default by the Clerk of Court because it "asks this honorable court to grant him default judgment against the named defendants in the amount of $1,000,000.00 plus costs and other relief the court may find just and appropriate." Filing 39 at 2; *see* Fed. R. Civ. P. 55; NECivR 55.1. Finally, the current Motion is substantively deficient as a Motion for Default Judgment for the same reasons the Court denied the prior Motion for Default Judgment. *See* Filing 38 at 3.

The Court cannot and will not grant Plaintiff Nicholas McCright "Proposed Clerks Entry for Motion of Default" because it does not comply with applicable rules. The Court will grant Plaintiff Nicholas McCright another chance to try to file a motion on which relief can be granted. Accordingly,

IT IS ORDERED that Plaintiff Nicholas McCright "Proposed Clerks Entry for Motion of Default," Filing 39, is denied without prejudice to reassertion in full compliance with Federal Rule of Civil Procedure 55 and NECivR 55.1.

Dated this 27th day of August, 2025.

BY THE COURT:

Brian C. Buescher
United States District Judge